UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MKV INVESTMENTS LLC, an Iowa limited liability company, | ) ) ) | |
| Plaintiff, | ) ) | |
| | ) | No. 18 C 4815 |
| v. | ) ) | Judge Sara L. Ellis |
| SIERRA CONSULTING INC., an Illinois corporation, | ) ) ) ) | |
| Defendant. | ) | |

## ORDER

The Court denies Defendant Sierra Consulting Inc.'s motion to dismiss [27] Count I of the complaint [1]. See Statement for further details.

## STATEMENT[1]

Plaintiff MKV Investments LLC ("MKV") contracted to sell its commercial real estate condominium (the "Property") to Defendant Sierra Consulting Inc. ("Sierra"). The parties both signed the contract, and MKV performed its obligations under the contract. However, after an appraisal revealed that the Property was worth less than Sierra had agreed to pay, Sierra attempted to renegotiate the purchase price, which MKV declined. One day before the contract required the sale to close, Sierra emailed MKV a "termination of contract letter." Sierra never closed on the Property.

MKV then filed suit, pursuing claims for specific performance of the contract (Count I) and breach of contract (Count II). Sierra moves to dismiss Count I on the grounds that damages would provide an adequate legal remedy.

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.

---

[1] The facts in this Statement are taken from MKV's complaint [1] and exhibits attached thereto and are presumed true for the purpose of resolving Sierra's motion to dismiss. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011); *Local 15, Int'l Bhd. of Elec. Workers, AFL-CIO v. Exelon Corp.*, 495 F.3d 779, 782 (7th Cir. 2007).

Ct. 1955, 167 L. Ed. 2d 929 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

As an initial note, specific performance is a remedy, not a cause of action.  *MiMedx Grp., Inc. v. Fox*, No. 16 CV 11715, 2017 WL 3278913, at *5 (N.D. Ill. Aug. 2, 2017) (citing *LaSalle Nat'l Bank v. Metro. Life Ins. Co.*, 18 F.3d 1371, 1376 (7th Cir. 1994)) (dismissing the plaintiff's claim for specific performance on that basis).  However, it is clear that with Count I, MKV merely seeks specific performance as a remedy for breach of contract.  "Accordingly, [the] complaint contains only one cause of action for breach of contract and seeks relief in the form of damages and specific performance." *Artistic Framing, Inc. v. Hospitality Res., Inc.*, No. 12 C 6997, 2013 WL 2285797, at *2 (N.D. Ill. May 23, 2013).

The question here is whether specific performance is an appropriate remedy for this breach of contract claim.  "Specific performance is an exceptional remedy and is normally available only when damages constitute an inadequate remedy." *TAS Distrib. Co. v. Cummins Engine Co.*, 491 F.3d 625, 637 (7th Cir. 2007).  However, "[i]t is well settled that a vendor of real estate may seek specific performance of a contract to buy and sell real estate even though he only seeks money." *Vincent v. Vits*, 566 N.E.2d 818, 820, 208 Ill. App. 3d 1, 152 Ill. Dec. 941 (1991).

The case here is exactly that situation: a real estate seller seeking specific performance of a contract to buy and sell real estate.  While the cases that MKV cites in its response are all cases where the buyer seeks specific performance of a contract for the sale of real estate, Illinois law is clear that specific performance is also an appropriate remedy where the property seller is the plaintiff.  *Id.* ("Certainly, plaintiffs here may seek specific performance even though they only seek the money owed under the contract."); *Prospect Enters. v. Ruff*, No. 10-1026, 2011 WL 2683004, at *3 (C.D. Ill. July 11, 2011) ("Generally, contracts to convey real estate will be enforced by specific performance on the grounds that perfect justice cannot be done at law.  The remedy is available to either the buyer or the seller."); *Nave v. Heinzmann*, 801 N.E.2d 121, 125, 344 Ill. App. 3d 815, 279 Ill. Dec. 829 (2003) ("Where a contract for the sale of real estate has been entered into without misrepresentation, unfairness, or superior advantage, specific performance will be granted to either the buyer or the seller."); *Bowman v. Dixon Theatre Renovation, Inc.*, 581 N.E.2d 804, 808, 221 Ill. App. 3d 35, 163 Ill. Dec. 650 (1991) ("Because of the uniqueness of real estate, a vendor may seek specific performance of a contract even though he seeks only money.").  Thus, MKV may seek specific performance as a remedy, and the Court denies Sierra's motion to dismiss.


Date:  February 11, 2019                                                              /s/  Sara L. Ellis